# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON**, 1101 K Street N.W., Suite 201 Washington, D.C. 20005, <br><br> Plaintiff, <br><br> v. <br><br> **U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES**, 200 Independence Avenue, S.W. Washington, D.C. 20201, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) Civil Action No. ) ) ) ) ) ) ) ) ) |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") challenges the failure of Defendant U.S. Department of Health and Human Services ("HHS") to release records in response to CREW's FOIA requests for documents concerning former White House Chief-of-Staff John F. Kelly and his current employer, Caliburn International, LLC ("Caliburn"), parent company of the operator of the country's largest detention center for unaccompanied migrant children.

2. This case seeks declaratory relief that HHS is in violation of FOIA, 5 U.S.C. § 552(a)(3)(a), by refusing to provide CREW all responsive, non-exempt documents, and injunctive relief ordering HHS to process and release to CREW immediately the requested records.

**Jurisdiction and Venue**

3.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

4.  Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code.  CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies.  CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions.  To advance its mission, CREW uses a combination of research, litigation, and advocacy.  As part of its research, CREW uses government records made available to it under the FOIA.

5.  Defendant HHS is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701.  HHS has possession and control of the requested records and is responsible for fulfilling Plaintiff's FOIA requests.

**Factual Background**

6.  John F. Kelly served as Secretary of Homeland Security from January 2017 to July 2017, and White House Chief of Staff from July 2017 to January 2019.  During this time, Kelly played a key role in implementing the Trump Administration's "zero tolerance" immigration enforcement policy, which resulted in thousands of migrant children being forcibly

separated from their parents and detained in HHS facilities, including the Homestead Job Corps facility in Homestead, Florida (the "Homestead Facility").

7. The Homestead Facility is the largest detention center for unaccompanied migrant children in the United States

8. On May 3, 2019, news reports revealed that Mr. Kelly had joined the board of Caliburn, the parent company of Comprehensive Health Services ("Comprehensive"). Comprehensive operates the Homestead Facility, pursuant to a contract with HHS.

9. HHS paid Comprehensive at least $222 million to operate the Homestead Facility between July 7, 2018 and April 20, 2019, and it could receive much more—up to $341 million between now and November 2019—for continued operation of the facility.

10. Prior to joining the Trump Administration in January 2017, Kelly served on the board of advisors of D.C. Capital Partners, a private equity firm. D.C. Capital Partners owns Caliburn, Mr. Kelly's current employer.

### *May 7, 2019 FOIA Request*

11. To help answer questions about Mr. Kelly's involvement with the Homestead Facility, Caliburn, and related entities while he served in the federal government, CREW sent HHS a FOIA request on May 7, 2019 seeking

> all documents from January 1, 2017 to the present mentioning, referencing, or involving both General John F. Kelly (ret.) and any of the following entities or facilities: Caliburn International, LLC; Comprehensive Health Services, LLC (also known as CHSi); D.C. Capital Partners; or the Homestead Jobs Corps facility in Homestead, Florida. This request seeks without limitation any responsive records in the possession, custody, or control of the following HHS components: Office of the Secretary, Office of the Assistant Secretary for Administration, Office of the Assistant Secretary for Financial Resources, and Administration for Children and Families.

12. CREW sought a waiver of fees associated with processing its request.

13.     By letter dated May 7, 2019, HHS acknowledged receipt of the request, designating it Request Number 2019-00855-FOIA-OS.

14.     By letter dated May 9, 2019, HHS informed CREW that it was "unable to perform an adequate search for responsive records, because your request is too broad. Specifically, your request does not identify names or positions of employees in the Office of the Secretary, Office of the Assistant Secretary for Financial Resources, or Administration for Children and Families necessary to conduct a reasonable search for responsive records. Additionally, in order to conduct a search for email communications, domain names for the named external entities or facilities are required."

15.     By email dated May 9, 2019, CREW responded that it "disagree[d] with HHS's position that [its] FOIA request does not reasonably describe the records sought," noting that the request "identifies a date range, search terms, and specific HHS components likely to have responsive records. From this, HHS should be able to run a keyword search of emails from the specified HHS components to identify responsive records."

16.     By letter dated May 14, 2019, HHS stated it had "initiated a search to locate records falling within the scope of your request as written. If our searching units advise us that you have requested a voluminous amount of records that require extensive search and examination, my staff will contact you shortly to discuss your willingness to modify your request."

17.     By letter dated June 7, 2019, HHS stated "we are closing our file on this request" because it deemed the request "fatally overbroad and burdensome."

18.     By email dated June 10, 2019, CREW responded that it was adhering to its position that its "request reasonably describes the records sought." CREW also noted that

HHS's statement that CREW's "request would require a search across all '80,000' HHS employees" was incorrect because the request "focuses on the following HHS components: 'Office of the Secretary, Office of the Assistant Secretary for Administration, Office of the Assistant Secretary for Financial Resources, and Administration for Children and Families,'" and thus did not encompass "all 80,000 HHS employees." CREW added that, in contrast to other requests that courts have deemed overbroad, CREW's request seeks "documents expressly 'mentioning' or 'referencing' *both* John F. Kelly and the listed entities," and the agency had yet to explain why it could not "fashion a search of the specified HHS components using these parameters."

19. To date, CREW has received no response to its June 10, 2019 email.

### *May 10, 2019 FOIA Request*

20. By letter dated May 10, 2019, CREW submitted another FOIA request to HHS, this time seeking

> all emails from January 2, 2019 to the present between former White House Chief of Staff John F. Kelly and any of the following HHS officials: (1) Alex M. Azar II, Secretary; (2) Eric D. Hargan, Deputy Secretary; (3) Peter Urbanowicz, Chief of Staff; (4) Brian Harrison, Deputy Chief of Staff; (5) Scott Rowell, Assistant Secretary for Administration; (6) Jennifer Moughalian, Acting Assistant Secretary for Financial Resources; (7) Lynn Johnson, Assistant Secretary, Administration for Children and Families; or (8) Robert P. Charrow, General Counsel.

21. CREW sought a waiver of fees associated with processing its request.

22. By letter dated May 14, 2019, HHS acknowledged receipt of the request, assigning it Request Number 2019-00860-FOIA-OS.

23. By letter dated June 7, 2019, HHS stated it was "unable to perform an adequate search for responsive records, because your request did not provide an email for John F. Kelly," and that it is "unable to conduct a search without the email address of a specific custodian."

24. By email dated June 10, 2019, CREW responded that FOIA does not require requesters "to identify specific email domains in order to have a request processed," and noted that the "request seeks communications from a short (5-month) date range, between a handful of named HHS officials and John Kelly." CREW thus urged HHS to proceed with processing the request.

25. To date, CREW has received no response to its June 10, 2019 email.

26. CREW has exhausted all administrative remedies applicable to its FOIA requests.

## PLAINTIFF'S CLAIMS FOR RELIEF

### COUNT 1
### (HHS's Wrongful Withholding of Non-Exempt Records Responsive to CREW's May 7, 2019 FOIA Request)

27. Plaintiff repeats and re-alleges the preceding paragraphs.

28. In its May 7, 2019 FOIA request, Plaintiff properly asked for records within the custody and control of Defendant.

29. Defendant wrongfully withheld from disclosure agency records requested by Plaintiff in its May 7, 2019 FOIA request.

30. By failing to release the records Plaintiff requested, Defendant violated FOIA.

31. Plaintiff is therefore entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in its May 7, 2019 FOIA request.

### COUNT 2
### (HHS's Wrongful Withholding of Non-Exempt Records Responsive to CREW's May 10, 2019 FOIA Request)

32. Plaintiff repeats and re-alleges the preceding paragraphs.

33. In its May 10, 2019 FOIA request, Plaintiff properly asked for records within the custody and control of Defendant.

34. Defendant wrongfully withheld from disclosure agency records requested by Plaintiff in its May 10, 2019 FOIA request.

35. By failing to release the records Plaintiff requested, Defendant violated FOIA.

36. Plaintiff is therefore entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in its May 10, 2019 FOIA request.

## Requested Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Order Defendant to immediately and fully process Plaintiff's FOIA requests and disclose all non-exempt documents immediately to Plaintiff;

(2) Issue a declaration that Plaintiff is entitled to immediate processing and disclosure of the records requested in its FOIA requests;

(3) Provide for expeditious proceedings in this action;

(4) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5) Award Plaintiff its costs and reasonable attorneys' fees in this action; and

(6) Grant such other relief as the Court may deem just and proper.

Date: July 29, 2019

Respectfully Submitted,

*/s/ Nikhel Sus*
NIKHEL S. SUS
(D.C. Bar No. 1017937)
ANNE L. WEISMANN
(D.C. Bar. No. 298190)
Citizens for Responsibility and Ethics in Washington
1101 K St. NW, Suite 201
Washington, D.C. 20005
Telephone: (202) 408-5565
Fax: (202) 588-5020
nsus@citizensforethics.org
aweismann@citizensforethics.org